# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EDWARD A. PRECIADO-NUNO,

    Petitioner,

    v.

ISIDRO BACA, et al.

    Respondents.

3:19-cv-00103-HDM-WGC

**ORDER**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases and petitioner's motion for appointment of counsel (ECF No. 4). The filing fee has been paid.

Following review of the petition, the court will direct a response and deny petitioner's motion for appointment of counsel.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the

complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner argues that counsel should be appointed because he is not trained in the law and because the issues in his case are complex. That petitioner is not trained in the law does not on its own justify the appointment of counsel. While petitioner asserts many claims in his petition, and the Nevada Supreme Court issued a published opinion on two of them, the court is not persuaded at this juncture that the issues are particularly complex such that appointment of counsel is necessary. Accordingly, petitioner's motion for appointment of counsel will be denied.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (ECF No. 4) is denied.

IT IS FURTHER ORDERED that the clerk shall FILE the amended petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the clerk shall add Nevada Attorney General Aaron D. Ford as attorney for respondents and informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that respondents shall file a response to the petition, including potentially by motion to dismiss, within sixty (60) days of the date of entry of this order and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed

instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

IT IS FURTHER ORDERED, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed

in which attachments.

IT IS SO ORDERED.

DATED: This 1st day of April, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE