UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| EDWARD A. PRECIADO-NUNO, | Case No. 3:19-cv-00103-HDM-WGC |
|---|---|
| Petitioner, | |
| v. | ORDER |
| E.K. MCDANIEL, et al., | |
| Respondents. | |

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by a Nevada state prisoner. The respondents have filed a motion to dismiss (ECF No. 15). The petitioner has opposed (ECF No. 24), and the respondents have replied (ECF No. 25).

The petitioner challenges his 2011 state court conviction for voluntary manslaughter with use of a deadly weapon. (Ex. 86).[1] He initiated this action in February 2019 with the filing of a federal habeas petition asserting sixteen grounds for relief. (ECF No. 7). The respondents now move to dismiss Ground 1, in part, Ground 8, in part, Ground 9, and Ground 10 as redundant, conclusory and/or non-cognizable.

**I. Ground 1**

In Ground 1, the petitioner asserts that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated because the trial judge was biased against him and in favor of the State and the police. (ECF No. 7 at 5-6). Specifically, while the trial judge recused from other cases involving the petitioner's

---

[1] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 16-21 and 23.

1

attorney, the judge failed to do so in the petitioner's case. The petitioner asserts that the judge's bias was evident when he improperly: (1) sentenced the petitioner to the maximum possible sentence; (2) made statements and rulings during voir dire that forced the petitioner to use peremptory strikes against jurors that should have been removed for cause; (3) protected the State by limiting cross examination of Detective Acosta and Officer Proietto; (4) told a juror that he believed the petitioner had beaten the decedent while she was unconscious; and (5) refused to let the petitioner's psychiatric expert testify. (*Id.*)

The respondents understand Ground 1 as setting forth five separate sub-claims, with the first asserting that the trial court was biased in favor of the State and police – a claim the respondents argue is conclusory.[2] The court does not agree with this construction. Rather, Ground 1 alleges that the trial court was biased, and what respondents identify as sub-claims are the specific actions the petitioner points to substantiate his claim of bias. They are not standalone claims themselves.

This conclusion is bolstered by the fact that each of the discrete allegations of bias is the subject itself of a standalone claim elsewhere in the petition. What respondents refer to as Ground 1(B) is asserted in Ground 2; what respondents refer to as Ground 1(C) is asserted in Ground 3; and what respondents refer to as Ground 1(E) appears to be asserted in Ground 8(2). Further, the allegation that the court improperly limited cross-examination

---

[2] Respondents also fail to acknowledge the petitioner's allegation regarding the limitation of cross-examination of Acosta and Proietto.

2

appears in Ground 8(1) and 8(4), and the allegation that the court improperly suggested to the jury that the victim was unconscious appears in Ground 8(3).

It is true that the standalone claims also assert that the improper actions were fueled by the trial court's bias, which does create some redundancy in the petition. However, Ground 1 is based on an assertion that a prior relationship between the petitioner's attorney and the trial judge created the alleged bias, and this allegation is not contained within the other standalone claims. It therefore makes sense to evaluate Ground 1 independently, despite any redundancies. The court will not therefore dismiss Ground 1 as redundant.

Ground 1 is further not conclusory, as the claim itself, particularly when considered in the context of all the claims in the petition, alleges sufficient facts to state a claim.

The motion to dismiss Ground One in part will therefore be denied.

**II. Ground 8**

In Ground 8, the petitioner asserts that the trial court made several erroneous evidentiary and other rulings that violated his Fifth, Sixth and Fourteenth Amendment rights to due process, fair trial and to confront the witnesses against him. (ECF NO. 7 at 30-38). The respondents assert that Grounds 8(1), (2) and (4) assert claims of state law that are not cognizable on federal habeas review and should therefore be dismissed.[3]

---

[3] The respondents refer to these sub-claims by letter; however, because the petitioner uses numbers, the court will employ the numbering in the petition itself.

3

Ground 8(1) asserts that that the trial court improperly restricted petitioner's ability to cross-examine Detective Acosta. (ECF No. 7 at 30-33). Ground 8(2) asserts that the trial court improperly limited Dr. Roitman's testimony. (*Id.* at 33-34). And Ground 8(4) asserts that the petitioner's due process rights were violated by the court's refusal to allow defense counsel to cross examine CSA Proietto as to Holstein's bloodstain pattern examination report. (*Id.* at 36-37).

Although all three claims are framed as violations of federal law, the respondents assert that their only real complaint is one of state law, and violations of state law are not a cognizable basis for federal habeas relief. However, while a violation of state law will not, standing alone, violate due process, it may rise to the level of a due process violation if it renders the petitioner's trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Further, a state court's ruling limiting or excluding cross-examination can violate the Confrontation Clause under some circumstances. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986); *Davis v. Alaska*, 415 U.S. 308, 318 (1974); *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007). Whether the violations in this case rose to the level of a violation of due process or the right to confront witnesses are not questions that should be resolved on a motion to dismiss. The motion to dismiss part of Ground 8 as non-cognizable will therefore be denied.

**III. Ground 9**

In Ground 9, the petitioner alleges that the state district court's failure to record bench conferences and other proceedings

4

deprived him of his rights to due process and a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments. (ECF No. 7 at 40-42). In particular, he asserts that the absence of a record of the bench conferences and proceedings conducted *in camera* precluded him from obtaining meaningful review on direct appeal. (*See id.*)

The respondents move to dismiss Ground 9 on the grounds that at the time of the petitioner's trial, there was no duty under state law to record bench conferences, so the petitioner's rights could not have been violated by the absence of such records. The respondents' argument goes to the merits of Ground 9, and because the lack of any state duty is not dispositive of whether the petitioner's federal constitutional rights were violated, this question is not appropriately resolved on a motion to dismiss.

To the extent the respondents argue Ground 9 should be dismissed as it presents only a state law issue, the argument is without merit for the reasons set forth with respect to Ground 8.

The motion to dismiss Ground 9 will therefore be denied.

**IV. Ground 10**

In Ground 10, the petitioner asserts that his due process rights were violated because the trial court refused to correct errors in the presentence investigation report. (ECF No. 7 at 44-45).

The respondents assert first that the basis of this claim is fabricated as the record shows the petitioner never made any request to correct the PSI report. This argument goes to the merits of the petitioner's claim and is not appropriately resolved on a motion to dismiss.

5

The respondents next assert that this claim raises an issue of state law and is therefore not cognizable on federal habeas review. For the reasons set forth above with respect to Ground 8, this argument is also without merit.

The motion to dismiss Ground 10 will therefore be denied.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that the respondents' motion to dismiss (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that respondents shall file an answer to all remaining claims in the petition on or before July 27, 2020. The answer must include substantive arguments on the merits as to each ground in the petition. In filing the answer, respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that the petitioner may file a reply on or before August 26, 2020.

IT IS SO ORDERED.

DATED: This 26th day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE

6